**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TIMBER PRODUCTS INSPECTION, INC., a Georgia corporation, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:07-CV-2973-RWS |
| v. | : : | |
| UNLIMITED MOVING SERVICES, INC. and JOHN MAISANO, | : : : : | |
| Defendants. | : | |

**ORDER**[1]

Plaintiff, Timber Products Inspection, Inc. ("Timber Products") moved this Court, pursuant to the Lanham Act, as amended by the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116, for an Order authorizing seizure of certain counterfeit goods, records thereof and related items. Said Motion came before the Court for a hearing on December 3, 2007. In support of said Motion, Plaintiff relies upon the following facts set out in the Verified Complaint:

---

[1] The Court's Order of December 3, 2007 granting Timber Products' Motion for Seizure of Goods [12] is hereby **VACATED** and **SUBSTITUTED** with this Order.

1. Timber Products is the owner of the service mark "TP" which has been duly registered with the United States Patent and Trademark Office.

2. Defendants have used an unauthorized Timber Products' service mark in connection with the sale, offering for sale, and distribution of lumber products.

3. A quantity of lumber products including crates or pallets bearing such counterfeit mark has been personally observed and identified in the possession of Defendants and this lumber product was stamped and transported in commerce by Defendants.

4. Defendants have thus already prepared for shipment certain of the counterfeit lumber products.

5. There will be no harm occasioned by the seizure of the counterfeit crates, pallets, lumber products, related records and other items.

6. Plaintiff Timber Products will suffer immediate and irreparable injury if seizure is not ordered because of the likelihood that further evidence will be destroyed or transferred and/or that counterfeit lumber products will be distributed or sold to third parties, resulting in injury to the reputation of Timber Products, to its registered service mark, and to purchasers, in view of the likely

disparity of quality between the counterfeit lumber products which validly bear Timber Products' mark.

7.    Timber Products has given such notice as is adequate under the circumstances to the United States Attorney for this judicial district and a representative thereof has indicated no opposition to the requested seizure.

Based upon the foregoing, the Court makes the following conclusions of law:

1.    An Order of Seizure other than an *Ex Parte* Seizure Order is not adequate to achieve the purposes of Section 34 of the Lanham Act.

2.    There is a substantial likelihood that Timber Products will succeed in showing that Defendants have used a counterfeit mark in connection with the sale, offer for sale and distribution of lumber products.

3.    Immediate and irreparable injury will likely occur if such seizure is not immediately ordered.

4.    The harm to Timber Products of denying the application outweighs the harm to the legitimate interest of the Defendants and Defendants may otherwise move, hide, or destroy the items to be seized thus making them inaccessible to the Court if Timber Products were to proceed with notice to Defendants.

3

WHEREFORE, based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED AND DECREED** that the United States Marshal shall proceed as follows:

1. Proceed to the business premises of Defendant UMS at 995 Upper Hembree Road, Roswell, Fulton County, Georgia by no later than 5:00 p.m. on the  10th  day of December, 2007.  The U.S. Marshal shall be accompanied by counsel for Timber Products and no more than three (3) representatives of Timber Products who shall assist in the identification of those items to be seized hereunder.  Still and video pictures may be taken during the seizure for purposes of accurate recording of the events of the seizure by the U.S. Marshal or Timber Products' representatives.

2. The U.S. Marshall is hereby **ORDERED** and **DIRECTED** to seize the following items[2]:

> (a) All lumber products including, but not limited to, crates or pallets bearing the service mark and stamp of Timber Products designated "TP" or any similar mark confusingly

---

[2] As provided in the Order of Substitution of Custodian entered simultaneously herewith, Plaintiff shall take custody of all items seized.

     similar thereto as further identified by Timber Products as counterfeit product;

(b)  All lumber products or other materials with the service mark identified in (a) above which has been partially obliterated or attempted to be obliterated, in whole or in part;

(c)  All stamps or stencils or reproductions thereof bearing the service mark identified in (a) above;

(d)  All records reflecting or relating to shipments, purchases, sales, storage or other transfer of crates or other lumber products by Defendants relating to those lumber products identified by Timber Products as evidencing counterfeit goods with the above-referenced mark since November 2002.

3.  The premises to be searched are the real and personal property of Defendants including any and all trucks, automobiles and other vehicles located on the business premises of Defendants or at such other locations as they may be found.

4.  The U.S. Marshall is authorized to use all force reasonably necessary to comply with the dictates of this Order.

5. Timber Products shall post a One Thousand Dollar ($1,000) bond as provided in 15 U.S.C. § 1116.

6. A hearing with regard to the propriety of this Order of Seizure shall be held on <u>Monday, December 10th</u>, at <u>2:30 PM</u> in Courtroom 2105, United States Courthouse, Atlanta, Georgia.

**SO ORDERED**, this  5th  day of December, 2007.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6

AO 72A
(Rev.8/82)